### 16208.   BRICE *v.* THE STATE.

BROYLES, C. J.   1.   A motion for a new trial based upon alleged newly discovered evidence is fatally defective unless accompanied by an affidavit of counsel for the movant that he "did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence." Civil Code (1910), § 6086. This ruling disposes of the amendment to the motion for a new trial.

2.   The general grounds of the motion for a new trial, not having been argued or insisted upon in the brief of counsel for the plaintiff in error, are treated as abandoned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 27, 1925.   REHEARING DENIED APRIL 15, 1925.

Indictment for unlawful shooting; from Fulton superior court—Judge Howard. December 6, 1924.

*W. H. Terrell,* for plaintiff in error.

*John A. Boykin, solicitor-general, John H. Hudson, Ralph H. Pharr,* contra.

---

### 16210.   KERBY *v.* THE STATE.

LUKE, J.   An examination of the record does not convince this court that the court below abused its discretion or committed legal error, in overruling the motion for a continuance. The evidence authorized the defendant's conviction, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 27, 1925.

Conviction of larceny of tires, etc.; from city court of Swainsboro—Judge Kirkland. December 6, 1924.

*T. N. Brown,* for plaintiff in error.

*I. W. Rountree, solicitor,* contra.